

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*

*Brooklyn, New York  11201*

June 19, 2012

**VIA ELECTRONIC CASE FILING**
The Honorable Dora L. Irizarry
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *United States of America v. Roberto Tristaino, et al.,*
             Civil Action No. CV-11-5626 (Irizarry, J.) (Azrack, M.J.)

Dear Judge Irizarry:

      We write on behalf of the parties regarding the above-referenced matter.  Enclosed please find a Stipulation and Order of Settlement for Your Honor's signature and filing with the Clerk of the Court.

                                            Respectfully submitted,

                                            LORETTA E. LYNCH
                                            United States Attorney

                          By:        /s/
                                              Seth D. Eichenholtz
                                            Assistant United States Attorney
                                            (718) 254-7036
                                            Seth.Eichenholtz@usdoj.gov

cc:    Roberto Tristaino (by Federal Express)
       Defendant *Pro Se*
       539 Adelphi Street
       East Meadow, New York 11554

       Joseph Barretta (by Federal Express)
       Metro Net Realty, LLC
       Defendant *Pro Se*
       159-35 102nd Street
       Howard Beach, New York 11414

SLR:MJG:SDE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
...................................................................x
UNITED STATES OF AMERICA,

                Plaintiff,          Civil Action No.
                                        CV-11-5626

   -against-

ROBERTO TRISTAINO and
METRO NET REALTY, LLC,             (Irizarry, J.)
                                              (Azrack, M.J.)

               Defendants.

...................................................................x

## SETTLEMENT AGREEMENT AND ORDER

WHEREAS, Plaintiff United States of America filed a complaint in this action on November 17, 2011, pursuant to Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601, *et seq.* (hereinafter, the "Fair Housing Act" or "Act"), alleging, *inter alia*, that Defendants Roberto Tristaino and Metro Net Realty, LLC (collectively, the "Defendants"), posted advertising for housing that discriminated on the basis of familial status, in violation of 42 U.S.C. § 3604(c); and

WHEREAS, Defendants deny the allegations contained in the complaint; and

WHEREAS, the United States brought this complaint following a Determination of Reasonable Cause and Charge of Discrimination that was issued by the Secretary of Housing and Urban Development (the "Secretary"), *National Fair Housing Alliance v. Roberto Tristaino and Metro Net Realty, LLC*, FHEO Complaint Nos. 02-09-0682-8 and 02-09-0687-8, as well as a timely notice of election filed by the complainant, a fair housing advocacy and counseling organization known as the National Fair Housing Alliance ("NFHA"); and

WHEREAS, the parties agree, in the interest of conserving time and expenses that the controversy outlined above should be resolved without further litigation.

IT IS THEREFORE, HEREBY STIPULATED AND AGREED, by and between the United States and Defendants, by and through the undersigned, as follows:

## I. GENERAL INJUNCTION

1. Defendants, their agents, successors, or assigns, and all other persons in active concert or participation with them, are hereby enjoined from making, printing, or publishing, or causing to be made, printed, or published any notice, statement, or advertisement, with respect to the sale or rental of a dwelling, that indicates any preference, limitation, or discrimination that is based on race, color, religion, sex, disability, familial status, or national origin, or an intention to make such preference, limitation, or discrimination, in violation of 42 U.S.C. § 3604(c).

2. Defendants, their agents, successors, or assigns, and all other persons in active concert or participation with them, are enjoined from refusing to sell or rent after the making of a bona fide offer, or refusing to negotiate for the sale or rental of, or otherwise making unavailable or denying a dwelling to any person because of race, color, religion, sex, disability, familial status, or national origin, in violation of 42 U.S.C. § 3604(a) and (f)(1).

## II. MANDATORY EDUCATION AND TRAINING

3. Within 90 days of entry of this Settlement Agreement and Order (hereinafter, the "Agreement and Order" or "Agreement"), Defendants, their current agents, successors, or assigns, and all other persons currently in active concert or participation with them, shall attend, at Defendants' expense, a program of educational training focusing on the familial status related provisions of federal, state, and local fair housing laws that has been

2

approved in advance by the United States.

4. Defendants shall notify the United States of the name(s), address(es), and telephone number(s) of the trainer(s), as well as the time and location of the training program at least 30 days prior to the program.

### III. REPORTING AND RECORD-KEEPING REQUIREMENTS

5. Defendants shall, no later than 15 days after the training occurs, provide to the United States notification and documentation of the training they have attended pursuant to Paragraphs 3 and 4 of this Agreement and Order, including a certification executed by the trainer(s) confirming attendance.

6. All notifications and documentation referenced in this Agreement should be addressed as follows:

Seth D. Eichenholtz
Assistant U.S. Attorney
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

7. During the duration of this Agreement and Order, Defendants shall preserve all records pertaining to their obligations under this Agreement. Upon reasonable notice to Defendants' counsel, representatives of the United States Attorney's Office for the Eastern District of New York shall be permitted to inspect and copy all such records at reasonable times in order to monitor compliance with this Agreement and Order.

8. During the term of this Agreement and Order, Defendants shall give the above-referenced Assistant United States Attorney (AUSA) written notice within 15 days of receipt of any written or oral complaint against Defendants alleging discrimination in housing

United States v. Robert Trisaino, et al.,
Case 2:11-cv-05626-DLI-JMA   Document 3   Filed 06/19/12   Page 5 of 11 PageID #: 13
Settlement Agreement

against either or both of them, and a description of the resolution of any such complaint within 15 days of resolution. If the complaint is written, Defendants shall provide a copy of it with the notice to the above-referenced AUSA; if the complaint is oral, the notice shall include a written summary of it with notice. The notice shall include the full details of the complaint, including the complainant's name, address and telephone number. Defendants shall also promptly provide the United States with all information it may request concerning any such complaint and its actual or attempted resolution.

9. Following entry of this Agreement and Order, Defendants must display the words "Equal Housing Opportunity," or the fair housing logo, in all advertising that Defendants conduct, or which are conducted on their behalf, regarding the rental and/or sale of residential property. This requirement applies to all advertising, including, but not limited to, print advertisements, i.e., newspapers, magazines, flyers, "for rent" signs, pamphlets, handouts, telephone directories, brochures, and any other written or promotional literature; as well as advertising on any website, e.g., Craigslist; and radio, television, or other broadcast media. The words or logo should be prominently placed and easily legible. This requirement does not compel Defendants to advertise in any of the aforementioned media, but does require compliance with this provision whenever Defendants so advertise. If there is an occasion that an agent of MetroNet fails to comply with the provision, defendant MetroNet can remain in compliance with this paragraph by curing the defective advertisement and reporting to the United States Attorney's Office that it cured the defective advertisement. After the first defective ad is cured by MetroNet, should agents of MetroNet continue to place advertisements that violate the requirements in this paragraph, MetroNet shall be deemed to be in violation of this paragraph.

4

United States v. Robert Trisaino, et al.,
Case 2:11-cv-05626-DLI-JMA Document 3 Filed 06/19/12 Page 6 of 11 PageID #: 14
Settlement Agreement

## IV. PAYMENT OF MONETARY DAMAGES

10. NFHA is an aggrieved person, as that term is defined in Section 802(i) of the Fair Housing Act, 42 U.S.C. § 3602(i). To compensate NFHA for the monetary damages it has incurred, Defendants shall pay two thousand eight hundred dollars ($2,800.00) in the following manner: within thirty (30) days after this Agreement is ordered by the Court, Defendants shall make a payment in the amount of one thousand and four hundred dollars ($1,400.00) made payable to National Fair Housing Alliance. Within one hundred and twenty (120) days after this Agreement is ordered by the Court, Defendants shall make a payment of the remaining one thousand and four hundred dollars ($1,400.00) made payable to National Fair Housing Alliance. The payments shall be addressed as follows:

**To National Fair Housing Alliance:**

Ms. Shanna Smith
President/CEO
National Fair Housing Alliance
1101 Vermont Ave., NW
Suite 710
Washington, DC 20005

11. A copy of each payment should also be sent to the United States Attorney's Office at the address listed in paragraph 6 of this agreement.

12. The release signed by NFHA will be delivered to Defendants when Defendants have made all payments set forth in paragraphs 10 and 11.

13. In the event the Defendants default in delivering either of the aforesaid payments within the time period specified, then Plaintiff United States of America shall provide written notice to Defendants of such default. If such default is not cured within a ten (10) business day period, which period shall begin to run upon the overnight mailing or faxing of

such notice to the Defendants, whichever comes first, then the United States shall be entitled to apply for a default judgment before the United States District Court for the Eastern District of New York against Defendants without further notice for $5,600, less any amounts previously paid, which sum is not a penalty, but represents the aggrieved party's actual and statutory damages and costs, which Plaintiff believes it could prove at trial, less any payments made by the Defendants until the date of default.

14. The parties agree that Joseph Barretta, on behalf of Metro Net Realty, LLC, and Roberto Tristiano shall be personally, jointly and severally liable for the payments set forth above.

15. For purposes of this Agreement and Order, the parties agree that the United States District Court for the Eastern District of New York shall have continuing jurisdiction over the interpretation and enforcement of the terms of this Agreement.

V. **EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS**

16. This Agreement and the considerations provided in this Agreement do not constitute and shall not be construed as an admission by Defendants of any wrongdoing, or of any violation of any provision or provisions of the Constitution, statutes or case law of the United States or of any state of the United States. Defendants do not admit any such alleged violations.

17. This Settlement Agreement and Order resolves the civil claims of the United States against Defendants for the violations alleged in the complaint filed in this action.

18. The United States reserves all legal and equitable remedies available to enforce the provisions of this Agreement and Order, except as expressly stated herein.

VI. **JURISDICTION, VENUE, SCOPE, AND DURATION OF AGREEMENT AND**

United States v. Robert Trisaino, et al.,
Case 2:11-cv-05626-DLI-JMA Document 3 Filed 06/19/12 Page 8 of 11 PageID #: 16
Settlement Agreement

## ORDER

19. The parties stipulate and the Court finds that it has subject matter jurisdiction over this action pursuant to 42 U.S.C. § 3612(o) of the Fair Housing Act and 28 U.S. §§ 1331 and 1345. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because the alleged discriminatory conduct took place in this district and the apartment at issue is located in a house that lies in this district.

20. The Court shall retain jurisdiction for three years from date of entry of this Agreement and Order for the purpose of enforcing the Agreement's terms, after which time the case shall be dismissed with prejudice. The United States may, however, move the Court to extend the duration of the Agreement and Order in the interests of justice.

21. The parties to this Agreement and Order shall endeavor in good faith to resolve informally any differences regarding interpretation of and compliance with this Agreement prior to bringing such matters to the Court for resolution. However, if the parties are not able to resolve their differences informally, the United States reserves the right to move this Court to impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance of such act or deeming such act to have been performed. Except as specified in paragraph 14, or in the event of a joint violation of this Agreement and Order, or if defendant Tristiano is affiliated in any way with MetroNet, each defendant will not be held responsible under this agreement for the other defendant's violations.

## VII. INTEGRATION

22. This Agreement and Order constitutes the final, complete, and exclusive agreement and understanding among the parties with respect to the settlement embodied in the

7

United States v. Robert Trisaino, et al.,
Case 1:11-cv-05626-DLI-JMA   Document 3   Filed 06/19/12   Page 9 of 11 PageID #: 17
Settlement Agreement

Agreement and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Agreement and Order, nor shall it be used in construing the terms of this Agreement.

## VIII. SIGNATORIES/SERVICE

23. The undersigned representatives of Defendants and the United States certify that they are fully authorized to enter into the terms and conditions of this Settlement Agreement and Order and to execute and legally bind the party they represent to this document.

24. Joseph Barretta certifies that he is an officer of, and is fully authorized to enter into the terms and conditions of this Settlement Agreement and Order and to execute and legally bind, Metro Net Reality, LLC.

25. This Agreement and Order may be signed in counterpart, and its validity shall not be challenged on that basis.

FOR PLAINTIFF UNITED STATES OF AMERICA:

Dated: ~~December~~ MAY 29, 2012
       Brooklyn, NY

LORETTA E. LYNCH
United States Attorney
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

By: _____
SETH D. EICHENHOLTZ
Assistant U.S. Attorney
(718) 254-7036
Seth.Eichenholtz@usdoj.gov

FOR DEFENDANTS:

Dated: ~~December~~ March 26, 201~~2~~

METRO NET REALTY, LLC
*Defendant Pro Se*
159-35 102nd Street

8

United States v. Robert Trisaino, et al.,
Case 1:11-cv-05626-DLI-JMA   Document 3   Filed 06/19/12   Page 10 of 11 PageID #: 18
Settlement Agreement

Howard Beach, New York 11414

By: _____
JOSEPH BARRETTA

Dated: ~~December~~ APRIL 3, 201~~1~~2

ROBERTO TRISTIANO
*Defendant Pro Se*
539 Adelphi Street
East Meadow, New York 11554

By: _____
ROBERTO TRISTIANO

SO ORDERED

_____
HONORABLE DORA L. IRIZARRY
United States District Judge

9

United States v. Robert Trisaino, et al.,
Case 1:11-cv-05626-DLI-JMA Document 3 Filed 06/19/12 Page 11 of 11 PageID #: 19
Settlement Agreement

## Attachment A

## RELEASE OF CLAIMS

In consideration of payment of the sum of $2,800 (the "Settlement Sum"), pursuant to the Settlement Agreement and Order entered in *United States v. Roberto Tristaino, et al.*, Civil Action No. 11-CV-5626 (E.D.N.Y.), the National Fair Housing Alliance hereby releases and forever discharges ROBERTO TRISTAINO and METRONET REALTY, LLC (COLLECTIVELY, "DEFENDANTS"), their agents, successors, or assigns from all claims or causes of action which the National Fair Housing Alliance, its parents, subsidiaries, predecessors, affiliates, successors, assigns, officers, directors, employees, agents, and/or representatives, ever had, now have, or hereafter ever may have against Defendants, their agents, successors, or assigns, past and present, for, or on account of, the incidents or circumstances giving rise to the above-captioned action.

Dated: _____

 

> _____
> Shanna Smith
> President/CEO
> National Fair Housing Alliance
> 1101 Vermont Ave., NW
> Suite 710
> Washington, DC 20005